

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 25, 2006

The Honorable William E. Parham
Waller County Criminal District Attorney
836 Austin Street, Suite 103
Hempstead, Texas 77445

Opinion No. GA-0466

Re: Whether a constable may provide animal control without the approval of the commissioners court of his county (RQ-0465-GA)

Dear Mr. Parham:

You ask whether a constable may provide animal control without the approval of the commissioners court of his county.[1]

Animal control in Texas is governed by two statutes: chapter 821 of the Health and Safety Code and chapter 826 of the Health and Safety Code, the Rabies Control Act of 1981. We will address those provisions in turn.

Chapter 821 imposes certain duties upon a peace officer who "has reason to believe that an animal has been or is being cruelly treated." TEX. HEALTH & SAFETY CODE ANN. § 821.022(a) (Vernon Supp. 2006). The term "peace officer" includes a constable. TEX. CODE CRIM. PROC. ANN. art. 2.12 (Vernon Supp. 2006). Thus, a constable "may apply to a justice court or magistrate in the county or to a municipal court in the municipality in which the animal is located for a warrant to seize the animal." TEX. HEALTH & SAFETY CODE ANN. § 821.022(a) (Vernon Supp. 2006). If the court issues the warrant, the constable must "cause the animal to be impounded." Id. § 821.022(c). Therefore, while a constable may perform these duties if he has reason to believe that an animal has been or is being cruelly treated, nothing in chapter 821 authorizes a constable to provide general animal control.

We next turn to chapter 826, which provides that the Texas Board of Health[2] or its designee, "with the cooperation of the governing bodies of counties and municipalities, shall administer the

---

[1]See Letter from Debra S. Mergel, Waller County Assistant Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas (Mar. 14, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]The Board is now a part of the Health and Human Services Commission. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 198, §§ 1.01–.09, 2003 Tex. Gen. Laws 611, 611–23. Because chapter 826 still refers to the "State Board of Health," we will, throughout this opinion, use that designation.

rabies control program established by this chapter." *Id.* § 826.011(a) (Vernon 2003). *See generally* Tex. Att'y Gen. Op. No. GA-0367 (2005). In implementing its rabies control program, "the governing body of a municipality and the commissioners court of a county may adopt ordinances or rules" that require "the registration of each dog and cat within the jurisdiction" of the county. TEX. HEALTH & SAFETY CODE ANN. § 826.031(a) (Vernon 2003). Chapter 826 "and the rules adopted by the [State Board of Health] under this chapter are the minimum standards for rabies control." *Id.* § 826.012. "The governing body of a municipality or the commissioners court of a county may adopt this chapter and the standards adopted by the board." *Id.* § 826.013. A commissioners court "*may* adopt ordinances or rules that establish a local rabies control program in the county and set local standards that are compatible with and equal to or more stringent than the program established by this chapter and the rules adopted by the board." *Id.* § 826.014(a) (emphasis added). Ordinances or rules adopted by a commissioners court "supersede this chapter and the rules of the board within that county so that dual enforcement will not occur." *Id.* § 826.014(b). If, however, a municipality adopts ordinances or rules that establish a local rabies control program, those regulations "supersede ordinances or rules adopted by the county in which the municipality is located," chapter 826, and board rules "so that multiple enforcement will not occur." *Id.* § 826.015(b).

You indicate that Waller County "has not enacted an animal control ordinance" under chapter 826. Request Letter, *supra* note 1, at 2. As we have noted, section 826.014 states only that a commissioners court "may adopt ordinances or rules that establish a local rabies control program in the county." TEX. HEALTH & SAFETY CODE ANN. § 826.014(a) (Vernon 2003). The word "may" ordinarily "creates discretionary authority or grants permission or a power." TEX. GOV'T CODE ANN. § 311.016(1) (Vernon 2005). Thus, Waller County is not statutorily required to enact an animal control ordinance. Unless and until Waller County does so, the provisions of chapter 826 and rules adopted thereunder by the State Board of Health govern the rabies control program in Waller County.

Another portion of chapter 826, however, declares that a "commissioners court . . . *shall* designate an officer to act as the local rabies control authority for the purposes of this chapter." TEX. HEALTH & SAFETY CODE ANN. § 826.017(a) (Vernon 2003) (emphasis added). The word "shall" ordinarily "imposes a duty." TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 2005). Section 826.017 also provides that, "[e]xcept as restricted by board rule, the officer designated as the local rabies control authority may be the county health officer, municipal health officer, animal control officer, peace officer, or any entity that the commissioners court or governing body considers appropriate." TEX. HEALTH & SAFETY CODE ANN. § 826.017(b) (Vernon 2003). Accordingly, a commissioners court has a duty to designate a rabies control officer, and may choose that officer from among the persons or entities described in section 826.017(b). A constable is a "peace officer" who may be selected in this manner. *See* TEX. CODE CRIM. PROC. ANN. art. 2.12 (Vernon Supp. 2006) ("The following are peace officers: . . . (2) constables, deputy constables, and those reserve deputy constables who hold a permanent peace officer license issued under Chapter 1701, Occupations Code.").

Section 826.017 of the Health and Safety Code makes clear that a commissioners court is the proper entity to designate a rabies control officer. Animal control or rabies control is not among the prescribed duties of a constable listed in section 86.021 of the Local Government Code. *See* TEX.

LOC. GOV'T CODE ANN. § 86.021 (Vernon Supp. 2006).  Although a constable *may* be authorized by his commissioners court to serve as the rabies control officer, a constable may not so designate himself.

We note that section 822.033 of the Health and Safety Code, which previously required a constable, *inter alia*, to kill a dog that was known to have attacked domestic animals and fowl, was renumbered and amended in 2003, deleting the passage in subsection (d) referring to a constable. *See* Act of May 30, 2003, 78th Leg., R.S., ch. 1002, § 1, 2003 Tex. Gen. Laws 2941, 2942.  At present, a constable has no statutorily-assigned duty under chapter 822.  And as we indicated earlier regarding chapter 826, nothing in chapter 822 permits a constable to designate himself as the "animal control authority" for purposes of chapter 822.

### S U M M A R Y

Chapter 821 of the Health and Safety Code requires a constable to take certain actions if he believes that an animal has been or is being cruelly treated, but it does not permit a constable to designate himself as an animal control officer. A commissioners court is required by section 826.017, Health and Safety Code, to designate an officer to act as the local rabies control authority in the unincorporated areas of the county. A constable may be authorized by the commissioners court to act in that capacity, but a constable may not so designate himself.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee